# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| DARNELL CLEMONS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:19-cv-1195-NAB |
|  | ) |  |
| THOMAS A. MCCARTHY, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of a complaint filed by plaintiff Darnell Clemons, a prisoner. For the reasons explained below, the Court will allow plaintiff to proceed in forma pauperis in this action, and will assess an initial partial filing fee of $4.31. Additionally, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

When he initiated this action, plaintiff neither paid the filing fee nor filed a formal motion for leave to proceed in forma pauperis. However, he submitted a copy of his inmate trust account statement. The Court will construe this as plaintiff's request for leave to initiate this action without prepayment of the filing fee, and allow him to proceed in forma pauperis. Plaintiff's inmate trust account statement shows an average monthly deposit of $14.25, and an average monthly balance of $21.56. The Court will therefore assess an initial partial filing fee of $4.31, which is twenty percent of plaintiff's average monthly balance.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Associate Circuit Judge Thomas A. McCarthy, Assistant Circuit Attorney Sabrina A. Lampley, and St. Louis Circuit Attorney Kim Gardner. He sues the defendants in their official capacities.

Plaintiff's allegations stem from a state criminal case in which he is a defendant. His allegations are best understood if quoted in full. He writes:

> Each defendant refused to release me, and hold me at my own will. Pain, and suffering is being caused to my daughter, my family and myself.
> . . .
>
> On January 28, 2018 I was currently arrested on harassment 1st degree, and unfortunately other unrelated charges were brought against me (Darnell Lamar Clemons). The P.O. Robert Cooper DSN #11416 due to his own false and error he inadvertently left the "wanted" cards active after assistant circuit attorney Sabrina Lampley #67338 refuse those charges on 12/26/2018. Due to the victim of facts was unavailable to cooperate in those charges. TPC Wallace-Govan, DSN #6723 canceled both wanted cards. Then as I'm getting charged with charges where the allege victim is not interested in pursuing charges in these matters of charges, please be aware of my lawyer Jeffrey Waltemate from the public defender office was informed in person as well the assistant circuit attorney

> Sabrina Ann Lampley was informed by the allege victim that she [won't] be testifying against me and don't want me in jail.

As relief, plaintiff seeks damages in the amount of $250,000.

On May 17, 2019 and May 30, 2019, plaintiff submitted supplemental filings consisting of copies of various motions and other documents from a state court criminal case in which he is a defendant: *State of Missouri v. Darnell Lamar Clemons*, No. 1922-CR00314-01 (22nd Jud. Cir. 2018). In that case, plaintiff is facing five counts of domestic assault, and one count each of first-degree harassment, unlawful possession of a firearm, and unlawful use of a weapon. Review of the docket sheet shows that defendant McCarthy presided over the case until it was transferred from his division in April of 2019, and that defendant Lampley is the Assistant Circuit Attorney who is representing the State of Missouri. As of the date of this Memorandum and Order, that case remains pending.

## Discussion

The Court has carefully reviewed and liberally construed plaintiff's complaint, and has determined it must be dismissed. Plaintiff alleges that "[e]ach defendant refused to release me, and hold me at my own will." These allegations do not describe conduct that is necessarily wrongful. Also, plaintiff fails to allege facts showing what each individual defendant did to harm him. Regarding McCarthy and Gardner, plaintiff simply lists them as defendants without alleging any specific act or conduct on their part. The complaint is therefore subject to dismissal as to these defendants. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of pro se complaint against

defendants who were merely listed as defendants in the caption and there were no allegations of constitutional harm against them). Plaintiff's complaint does describe actions taken by Lampley, but only that she refused to issue charges in December of 2018 and that a victim told her she would not testify. These allegations do not describe conduct that is necessarily wrongful, nor does plaintiff explain how Lampley's actions or inactions harmed him.

Plaintiff obviously seeks money damages against the prosecuting attorneys who initiated and pursued a criminal prosecution of him, and against one of the judges who took judicial action in his case. Even if plaintiff had pleaded sufficient facts to state such claims, they would be dismissed. Prosecuting attorneys are absolutely immune from civil rights claims based on actions taken while acting as an advocate for the state in a criminal prosecution. *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process."). Judges are immune from civil rights suits unless they were not acting in their judicial capacity or they acted in the absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 9 (1991). No such allegations are discernible here. It is apparent that the problems with the complaint would not be cured by allowing plaintiff to file an amended pleading, and the Court will therefore dismiss this action at this time pursuant to 29 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff may proceed in forma pauperis in this action.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $4.31 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison

registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this ___21st___ day of August, 2019.

\s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE